UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTHUR KINLAW,

                Plaintiff,

       -against-

F.D.S. BENNETT, et al.,

                Defendants.

22-CV-4132 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is currently incarcerated at Sullivan Correctional Facility, is proceeding *pro se*. He commenced this matter by filing an "Order to Show Cause and Temporary Restraining Order" with a supporting affidavit, seeking to enjoin correction officers and officials of the New York State Department of Corrections and Community Supervision (NYSDOCS) "from transferring [him] to any place other than Walsh Medical Center (R.M.U.)." (ECF 1, at 1-2.) Plaintiff later submitted a second "Order to Show Cause and Temporary Restraining Order" with a supporting affidavit. (ECF 3.) In those documents, Plaintiff alleges that correction officers and officials are subjecting him to unlawful conditions of confinement at Sullivan, including inadequate medical care, and he seeks an order directing the defendants to address the alleged deprivations. Plaintiff did not file a complaint nor did he pay the filing fees or submit a request for permission to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, and a prisoner authorization.

       For the reasons set forth below, the Court denies Plaintiff's requests for preliminary injunctive relief and directs the Clerk of Court to administratively terminate this matter.

## DISCUSSION

A new action is commenced with the filing of a complaint, not by filing motions for preliminary injunctive relief. *See* Fed. R. Civ. 3. Further, to proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request to proceed IFP, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[1] *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

The Court must liberally construe submissions of *pro se* litigants and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *See Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983), and can be charged "with knowledge of, and therefore withdraw special status in relation to, particular requirements with

---

[1] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

which he is familiar as a result of his extensive prior experience in the courts," *Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009).

Here, the Court does not afford Plaintiff special solicitude concerning the procedural requirements for commencing a new civil case because he has extensive experience with such procedures. *See id*. ("[I]t is our recommendation that, when a court considers whether to withdraw a pro se litigant's special status, it should consider not only that litigant's lifetime participation in all forms of civil litigation, but also his experience with the particular procedural setting presented."). In fact, Plaintiff is barred from filing any new action IFP while a prisoner. *See Kinlaw v. Cent. N.Y. Psychiatric Ctr.*, No. 08-CV-352 (N.D.N.Y. June 12, 2008)[2]; *see also Kinlaw v. Walsh*, ECF 1:10-CV-7539, 100, 2012 WL 2548437, at *1 (S.D.N.Y. June 29, 2012). The order entered in *Kinlaw v. Cent. N.Y. Psychiatric Ctr.*, No. 08-CV-352 relied on the three-strikes provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*.

Plaintiff, who is quite familiar with the legal system, should have been aware that a complaint is required to commence a civil action. *See Sledge,* 564 F.3d at 109-10; *see also*

---

[2] On June 12, 2008, the Honorable Gary L. Sharpe of the United States District Court, Northern District of New York revoked Plaintiff's IFP status after finding he had "three strikes" under 28 U.S.C. § 1915(g). Judge Sharpe identified the following cases as strikes: *Kinlaw v. Cent. N.Y. Psychiatric Ctr.*, No. 06-CV-1186 (N.D.N.Y. Nov. 6, 2006) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Kinlaw v. Doe*, No. 07-CV-1314 (N.D.N.Y. Jan. 16, 2008) (dismissing complaint under 28 U.S.C. § 1915(e) for failure to state a claim); *Kinlaw v. Portnow*, No. 07-CV-7528 (S.D.N.Y. Aug. 24, 2007) (dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim and judicial immunity).

*Kinlaw v. Levit*, No. 15-CV-0915, ECF 2, at 1 (W.D.N.Y. Nov. 16, 2015) (informing Plaintiff that under Fed. R. Civ. 3 that "[a] new action cannot be commenced by the filing of an Affidavit or Motion for a Temporary Restraining Order"). He should also have been aware that he must pay the filing fees or seek permission to proceed IFP by filing an IFP application and prisoner authorization. *See Kinlaw v. Cuomo*, No. 20-CV-6119, ECF 2 (W.D.N.Y. Mar. 9, 2020) (administratively terminating action because Plaintiff failed to pay filing fees or submit IFP application); *Kinlaw v. Levit*, No. 15-CV-0915, ECF 2 (same). Because Plaintiff has not complied with the procedural requirements to bring a civil action, the Court denies his requests for preliminary injunctive relief and directs the Clerk of Court to administratively close this matter without prejudice.

Should Plaintiff wish to proceed with his claims, he may commence a new action with the filing of a complaint and payment of the filing fees or submission of an IFP application and prisoner authorization. Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[3]

## CONCLUSION

The Court denies Plaintiff's requests for preliminary injunctive relief (ECF 1, 3) and directs the Clerk of Court to administratively close this matter without prejudice. Plaintiff may commence a new civil action by filing a complaint and paying the filing fees or seeking to proceed IFP. Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury. This order closes this case. No judgment is entered.

---

[3] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

5

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 15, 2022
       New York, New York

                                        /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                      Chief United States District Judge